CINCINNATI TRACTION CO. v. ROBERT E. BLACKSON, ETC.

1. HOW JURY TO DETERMINE WHETHER INFANT WAS GUILTY OF CONTRIBUTORY NEGLIGENCE.

In determining whether or not an infant was guilty of contributory negligence, it is the duty of the jury to first determine the standard of conduct to which a child is held, by giving due consideration to its age, mental and physical development and environment; and, after having fixed the standard, to measure that which the child has actually done by such standard, and determine whether the child has come up to it or failed.

2. NO LEGAL PRESUMPTION THAT INFANT IS INCAPABLE OF BEING CHARGED WITH CONTRIBUTORY NEGLIGENCE.

There is no legal presumption that an infant eleven years of age is incapable of being charged with contributory negligence; the determination of such question is entirely for the jury, under proper instructions from the court. Hence, a charge to the jury, that, "in the absence of evidence of such greater intelligence and capacity than is common to boys of his age, the law presumed that he is incapable of being charged with contributory negligence," is erroneous.

ERROR to Hamilton common pleas court.

**Miller Outcalt,** for plaintiff.
**C. S. Sparks,** for defendant.

JELKE, J.

This was an action brought by Robert E. Blackson, an infant, by his next friend Millie Blackson, against the Cincinnati Traction Company, for personal injury alleged to have been received by the said Robert E. Blackson by being run down by the car of defendant below, through the negligence of said defendant's servants, at the corner of Fifth and Plum streets, in this city.

Among other defenses was that of contributory negligence. Upon this subject, the court charged the jury:

"If, however, you find that this particular boy was more intelligent or had greater capacity to avoid danger than is common to boys of his age, then he should be charged with such intelligence and capacity. In the absence of evidence of such greater intelligence and capacity than is common to boys of his age, the law presumes that he is incapable of being charged with contributory negligence; but it is for the jury to say, from all the circumstances of the case, whether he is capable of exercising reasonable care and vigilance to see and avoid danger.

If he is capable of so doing, he is chargeable with the exercise of reasonable care. If not, he cannot be charged with contributory negligence."

The Cincinnati Traction Company, plaintiff in error, complains that this charge constitutes prejudicial error:

"The degree of care and caution required of a child must be measured by his age and capacity. But while the law makes due allowance for the thoughtlessness and indiscretion of youth, it does not hold children necessarily irresponsible. To the extent that a child has knowledge and understanding of the danger to which he is exposed, or where it is of such a nature as to be necessarily obvious even to one of his years, he is under a legal duty to avoid it. The standard of his duty and responsibility is measured by such reasonable care and prudence as usually characterize children of his age, intelligence and experience, and to that extent only is he held responsible in law for acts contributing to his own injury. Much difficulty has been experienced in applying this rule; and, while in some cases courts have decided as a matter of law that an infant was clearly *sui juris,* and in others that he was not, in a far greater number of instances they have held that the capacity of the infant to understand and avoid danger was a question which should be submitted to the jury. Usually it is held that children under five years of age cannot be guilty of contributory negligence, and that children who have arrived at the age of twelve years may in law contribute to their own injuries. But within those limits courts have usually considered the question one of fact and not of law, unless the child was of more than ordinary intelligence or the situation was such that a child of ordinary intelligence must necessarily realize his danger." Booth, Street Ry. Law Sec. 385, page 523.

It is the duty of the jury in considering a case of this kind to first determine the standard of conduct to which a child is to be held, by giving due consideration to its age, mental and physical development and environment, and then having fixed this standard, to measure that which the child has actually done by this standard and determine whether or not the child has come up to it or failed.

We are of opinion that it was error for the trial court to say:

"In the absence of evidence of such greater intelligence and capacity than is common to boys of his age, the law presumed that he is incapable of being charged with contributory negligence."

At the time of the accident, Robert E. Blackson was about eleven years old. There is no presumption in the matter. It is a question to be left entirely to the jury under proper instructions, and we think that

in this sentence the court committed error prejudicial to plaintiff in error.

Further, on the question of the responsibility of children and their capacity for contributory negligence, the whole charge is somewhat confused, and might very well have misled the jury.

We are therefore of opinion that the judgment herein should be reversed, and cause remanded for a new trial.

**Swing** and **Giffen, JJ.,** concur.